**STATE ex HEADLEY, Relator-Appellee v. INDUSTRIAL COMMISSION, Respondent-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 3624. Decided June 8, 1943.

Harold N. Palmer, Columbus, for relator-appellee.

Thomas J. Herbert, attorney general, Columbus, and Robert E. Hall, asst. attorney general, Columbus, for respondent-appellant.

## OPINION

BY THE COURT:

The above entitled cause is now being determined on relator-appellee's motion to dismiss the appeal on the claimed ground that the order appealed from is not a final order.

Briefs for and contra are submitted.

The original action filed in the Court of Common Pleas was one in mandamus, praying that the respondent Industrial Commission be required to pass upon relator's application and determine whether or not relator's disability was the result of an injury which occurred in the course of or arose out of his employment, etc.

It appears that between the time of the filing of the petition and the service of summons, the commission had voluntarily performed the things sought to be ordered, and as a result the trial court found the question to be moot, dismissed the petition and ordered a payment of attorney fees to counsel for relator. The amount of the fees allowed was $250.00. Respondent filed notice of appeal on questions of law. It is admitted that the sole question to be determined on the appeal is whether or not the court was in error in allowing attorney fees.

We have no difficulty in determining that this is a final order. While it may be true that the primary relief sought in the petition was not passed upon, yet there was a definite finding and judgment in favor of the relator in the sum of $250.00. Certainly respondent should have the right to have this judgment reviewed, and unless the right of appeal on question of law is appropriate, there can be no review at all.

Motion to dismiss will be denied, and costs in this court adjudged against the appellee.

BARNES, P. J., HORNBECK and GEIGER, JJ., concur.

## ON APPLICATION FOR REHEARING

No. 3624. Decided June 21, 1943.

Harold M. Palmer, Columbus, for relator-appellee.

Thomas J. Herbert, attorney general, Columbus, and Robert E. Hall, asst. attorney general, Columbus, for respondent-appellant.

**BY THE COURT:**

The above entitled cause is now being determined on relator-appellee's application for rehearing. Accompanying the application is a memo. which principally consists of an argument that we improperly stated in our original opinion that the commission had acted voluntarily and that at the time the case was decided by the trial court, the question involved was determined to be moot.

Counsel may be correct in this contention, but it is not an objection of substance so far as determining the question of the appealability of the order. When the court in its former opinion referred to the action of the commission being voluntary, it intended to convey the idea that the matter was not contested, but that the relator complied with the request of the action following the filing of the suit. It probably is true that this action of the commission was induced through relator's action, but regardless, the request was complied with without going through a trial.

We concede that we were in error in our former opinion in making the statement that the court held that the question was moot, and thereafter followed with its order from which the intended appeal was taken. We now ascertain that counsel for respondent made the claim to the trial court that the question was moot since the requested order had been complied with. The trial court did find that the alternative writ of mandamus had been complied with and further considered that no further proceedings be had and that the case be discontinued. If the question was of any importance we would be inclined to think that this is equivalent to a finding that the question had become moot. All of the objections above referred to are highly technical, and have no substantial merit.

There is also a claim made that there was no definite finding or judgment in favor of relator. If relator does not have a judgment for $250.00 attorney fees and costs, we might inquire what is the proper characterization to be given to this order to pay. It is not necessary that the word "judgment" be used in order to constitute the order such.

What we did positively say in our original opinion and one thing of importance, was that the respondent was entitled to appeal, and we still adhere to that opinion. Whether or not respondent can obtain relief through his appeal is another question.

Application for rehearing overruled.

BARNES, P. J., HORNBECK and GEIGER, JJ., concur.